IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ISAAC GAYDEN,                     )
                                  )
           Plaintiff,             )
                                  )
      v.                          )     No.  09 C 7557
                                  )
CHICAGO POLICE OFFICER            )
MARIANO (Star #6691), et al.,     )
                                  )
           Defendants.            )

                          MEMORANDUM ORDER

     City of Chicago ("City") and its Police Officer Pablo Mariano ("Mariano"), represented here by a law firm lawyer rather than City's Corporation Counsel's Office, have filed an Answer--including no fewer than eight Affirmative Defenses ("ADs")--to the Complaint brought against them by Isaac Gayden ("Gayden"). Federal jurisdiction is predicated on the Count I claim advanced against Mariano alone under 42 U.S.C. §1983 ("Section 1983"), while Count II (also targeting only Mariano) and Count III (asserted against City alone) invoke the supplemental jurisdiction provisions of 28 U.S.C. §1367(a).  This memorandum order is issued sua sponte because defendants have regrettably advanced some inapplicable defenses.

     What has just been said is not a function of defense counsel's meaningless demand for "strict proof" in Answer ¶3--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  If that minor item had been the only problem posed by the responsive pleading, this Court would of

course have let the matter pass without written comment (though it might perhaps have been mentioned orally at the next status hearing).

Instead the responsive pleading's problems stem from the indiscriminate--really thoughtless--manner in which defense counsel has larded the response with the multiple ADs. If there were any question about those ADs being advanced as sheer boilerplate, rather than with proper attention being given to the particulars of the Complaint, those doubts would be dispelled by the ADs' constant references to "Defendant Officers" even though only Mariano is charged in the Complaint. But there is much more in substantive terms:

1. AD 1 asserts qualified immunity for "Defendant Officers," even though Gayden's pleading (see, e.g., Complaint ¶¶6, 11 and 13), which must be accepted as true for AD purposes (see App'x ¶5 to State Farm, discussing the AD requirements as established by Fed. R. Civ. P. 8(c) and uniform caselaw), directly negates the availability of such a defense.

2. ADs 2 and 3 are likewise impermissibly at odds with Complaint ¶13 (and perhaps with other Complaint allegations as well).[1]

---

[1] Denying a plaintiff's allegations puts those matters at issue, so a purported AD on the same subjects would add nothing to the mix.

2

3. AD 4 has nothing to do with this case, which targets only Mariano's conduct.

4. AD 5 is at odds with Complaint ¶¶6, 7 and 13.

5. AD 7, which sets out City's immunity from punitive or exemplary damages under state law, suggests that counsel has not read Count III, which seeks City's responsibility only for "any compensatory judgment" obtained against Mariano.

6. AD 8, asserting another state law immunity applicable to City, is equally meaningless in the face of Count III.

Accordingly all of the ADs except for AD 6 are stricken (even though, as to that surviving AD, it is difficult to see how nonmitigation of damages could enter the picture).

Finally, it hardly seems fair for clients to bear the cost of such errors on the part of defense counsel. If City is compensating counsel at an hourly rate, he is ordered to credit City appropriately for whatever time is allocable to having included the flawed ADs in the Answer. And whether or not such is the case, a copy of this memorandum order is being sent to City's Corporation Counsel's office as an informational matter.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 12, 2010